UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENNETH SPENCER ALEXANDER,

                      Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __8/21/2023__

23 Civ. 6964 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff *pro se*, Kenneth Spencer Alexander, brings this action against Defendant, the Commissioner of Social Security, alleging improper administration of his benefits under the Social Security Act. Plaintiff alleges that, at various times over the past ten years, the Social Security Administration ("SSA") stopped paying or withheld Plaintiff's disability and/or retirement benefits for the reason of overpayment and/or ineligibility. Compl. at 2–4, ECF No. 1. For the reasons set forth below, Plaintiff is directed to file an amended complaint to address the following two issues.[1]

    First, Plaintiff has not indicated why the Southern District of New York is the appropriate forum for his complaint. An action for judicial review under the Social Security Act "shall" be brought in the judicial district "in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia." 42 U.S.C. § 405(g). Plaintiff's complaint indicates that he resides in Jerusalem, Israel. *See* Compl. at 1. Plaintiff has not indicated that his principal place of business is within the Southern District of New York. *See*

---

[1] Plaintiff has also filed a motion for "temporary injunction." ECF No. 5. The Court construes this motion as seeking a preliminary injunction. To obtain a preliminary injunction, Plaintiff must show (1) either "a likelihood of success on the merits" or "sufficiently serious questions going to the merits . . . and a balance of hardships tipping decidedly in the [plaintiff's] favor; (2) likelihood of irreparable injury; (3) the balance of hardships tipping in the plaintiff's favor; and (4) the public interest. *Mendez v. Banks*, 65 F.4th 56, 63–64 (2d Cir. 2023). For the same reasons requiring an amended complaint, Plaintiff has not demonstrated either a likelihood of success or sufficiently serious questions on the merits. Accordingly, Plaintiff's motion for a preliminary injunction is DENIED.

*generally* Compl.  If filing in this judicial district is appropriate, the Court directs Plaintiff to consult the form complaint created by the Southern District of New York and attached to this order.  Plaintiff is specifically directed to fill out paragraph number 2 explaining why this case is properly brought in the Southern District of New York.  If Plaintiff's principal place of business is not within this judicial district, Plaintiff is directed to file his complaint in the United States District Court for the District of Columbia.

       Second, Plaintiff fails to identify or attach any final agency decision for review.  An individual may obtain judicial review of "any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."  42 U.S.C. § 405(g).  The SSA regulations require claimants to complete a four-step administrative process in order to obtain a judicially reviewable final decision, consisting of "(1) an initial determination; (2) reconsideration; (3) an [Administrative Law Judge] decision; and (4) Appeals Council review."  *Davis v. Comm'r of Soc. Sec.*, No. 15 Civ. 6301, 2016 WL 3390586, at *4 (S.D.N.Y. Apr. 18, 2016) (citing *Heckler v. Day*, 467 U.S. 104, 106–07 (1984); 20 C.F.R. § 404.900(a)), *report and recommendation adopted*, 2016 WL 3453452 (S.D.N.Y. June 16, 2016).  A claimant may not file suit until all four steps are complete.  *Id.* (citing *Mathews v. Eldridge*, 424 U.S. 319, 327 (1976)).  The exhaustion requirement may only be waived under limited circumstances such as "where the claim is collateral to a demand for benefits, exhaustion of administrative remedies would be futile, or the plaintiff would suffer irreparable harm if required to exhaust administrative remedies."  *Baptiste v. Comm'r of Soc. Sec.*, No. 09 Civ. 10178, 2010 WL 2985197, at *2 (S.D.N.Y. July 27, 2010) (citation omitted).

       Plaintiff has not attached any decision for review.  *See generally* Compl. (attaching only a request for a hearing by an Administrative Law Judge dated August 1, 2023).  Plaintiff references

2

multiple decisions to withhold his benefits in 2015, 2016, 2021, 2022, and 2023. *See id.* at 2–4. However, Plaintiff also stated that in "about July 2023, full retirement benefits were reinstated pending appeal." *Id.* at 3. Plaintiff has thus not alleged when the agency allegedly violated his rights. *Id.* Plaintiff has also not indicated whether he has exhausted his administrative remedies. *Id.* The Court directs Plaintiff to consult the form complaint attached to this order, fill out paragraph numbers 6, 7, and 8, and attach the letter from the Appeals Council of the Social Security Administration to the complaint.

## CONCLUSION

By **October 20, 2023**, Plaintiff is directed to file an amended complaint containing the information specified above. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

The amended complaint must be submitted to this District's Pro Se Office, be captioned as an "Amended Complaint," and bear the same docket number as this order. A form Social Security complaint, which Plaintiff is directed to complete as specified above, is attached to this order.

The Clerk of Court is directed to terminate the motion at ECF No. 5 and to mail a copy of this order and its attachment to Plaintiff *pro se*.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: August 21, 2023
       New York, New York

_____
ANALISA TORRES
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write your full name.

\_\_\_\_\_CV_____

Include case number only if one has been assigned.

-against-

COMMISSIONER OF SOCIAL SECURITY

# COMPLAINT FOR JUDICIAL REVIEW OF A FINAL DECISION OF THE COMMISSIONER OF SOCIAL SECURITY

The plaintiff respectfully alleges:

1. This is an action under section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), or section 1631(c)(3) of the Social Security Act, 42 U.S.C. § 1383(c)(3), for review of a final decision of the Commissioner of Social Security.

2. This case is properly brought in the Southern District of New York because the plaintiff is a resident of the county of _____ and the State of _____

   **or** (optional)

   has a principal place of business in the county of _____ and the State of _____

3. The plaintiff's social security number is _____

4. The defendant is the Commissioner of the Social Security Administration and has full power and responsibility over Social Security and Supplemental Security Income benefit determinations under the Social Security Act.

5. The Social Security Administration issued an unfavorable decision regarding the plaintiff's application for, or eligibility to receive, benefits under Title XVI of the Social

   Security Act (SSI - Supplemental Security Income) or Title II of the Social Security Act (Disability Insurance, Retirement, or Survivors benefits).

6. The plaintiff requested a hearing before an Administrative Law Judge, a hearing was held, and the Administrative Law Judge issued a decision denying the plaintiff's claim, by decision dated (date of Administrative Law Judge decision) _____

7. The plaintiff requested a review, and the Appeals Council denied the plaintiff's request, or otherwise issued an unfavorable decision, on (date of Appeals Council letter) _____, making the Administrative Law Judge's decision the "final decision" of the Commissioner, subject to judicial review under 42 U.S.C. § 405(g) or § 1383(c)(3).

8. The plaintiff received the letter from the Appeals Council on (date of receipt of letter) _____

---

### IMPORTANT

**Please attach a copy of the Appeals Council's letter to this complaint.**

You may file this complaint even if you do not have the Appeals Council letter or cannot answer all of the questions, but you may be required later to provide the missing information.

---

9. The Commissioner's decision was not supported by substantial evidence in the record, or was based on legal error.

WHEREFORE, the plaintiff respectfully requests that the Court:

a) direct the defendant to appear before the Court;

b) order the defendant to submit a certified copy of the administrative record, including the evidence upon which the findings and decisions complained of are based;

c) upon such record, modify or reverse the decision of the defendant and grant the plaintiff maximum monthly Social Security benefits or Supplemental Security Income benefits as allowable under the Social Security Act; and

d) grant such other relief as may be just and proper.

## PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

You must sign and date the complaint. Attach additional pages if necessary. You must also either pay the filing fee or submit an application to proceed without prepayment of fees.

_____           _____
Dated                                     Plaintiff's Signature

_____           _____
First Name      Middle Initial            Last Name

_____
Plaintiff's Address

_____  _____  _____
County, City                    State               Zip Code

_____           _____
Telephone Number                          Email Address (if available)

Please see the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically. If you consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

**Click Here to Save**